IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CAINE PELZER,                         :
                                      :
         Petitioner                   :
                                      :
    v.                                :   CIVIL NO. 4:CV-15-222
                                      :
SUPERINTENDENT MAHALLY,               :   (Judge Brann)
                                      :
         Respondent                   :

**MEMORANDUM**

November 9, 2016

**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Caine Pelzer, while he was confined at the State Correctional Institution, Dallas, Pennsylvania.[1] Service of the petition was previously ordered. Presently pending is Petitioner's unopposed motion requesting that this proceeding be stayed and held in abeyance. See Doc. 16.

Petitioner challenges the legality of his March 6, 2002 conviction on multiple counts of theft, robbery, reckless endangering another person, and unlawful restraint following a jury trial in the Court of Common Pleas of Luzerne

---

[1] Petitioner is presently incarcerated at the Pine Grove State Correctional Institution, Indiana, Pennsylvania.

County, Pennsylvania. Pelzer was sentenced to a twenty-two (22) to forty-four (44) year term of imprisonment on April 15, 2002. His pending action raises multiple claims including assertions of ineffective assistance of counsel, insufficient evidence, improperly enhanced sentence, violation of the Uniform Criminal Extradition Act, and violation of his speedy trial rights.

Following service of the petition, Respondent filed a response arguing that dismissal of Pelzer's action was appropriate because it was both untimely and because his claims were procedurally defaulted.

**Discussion**

Pelzer's pending request for stay and abeyance maintains that following the issuance of Montgomery v. Louisiana, 136 S. Ct. 718 (2016) he sought collateral relief via an action filed on February 8, 2016 with the state trial court pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] His PCRA action included claims "that are currently pending before this Honorable Court." Doc. 16, ¶ 17. In a letter dated October 23, 2016, Petitioner indicated that his PCRA action is still

---

[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

pending in state court.  See Doc. 18.  Petitioner requests that his federal habeas corpus action be stayed pending disposition of his state court petition.  As previously noted, the motion is unopposed.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless the applicant has exhausted the remedies available in the courts of the state, there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose."  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see

also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The United States Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be timely filed. Although there is a question as to whether Pelzer's pending federal petition is timely under the time frame established by the Antiterrorism and

Effective Death Penalty Act of 1996, it cannot be determined at this juncture that his action is clearly untimely.  Petitioner has requested a stay because this pending § 2254 action includes claims that he has raised via a PCRA which is still before the state trial court.

As in Crews, Pelzer should not face the prospect of forfeiting federal court review of issues.  In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments.   Recognizing that Pelzer may not have any additional time in which to file a new federal habeas petition after disposition of his pending state court petition if not granted a stay,  Crews counsels in favor of a stay of litigation in this case while Petitioner completes state review of his pending federal claims. Accordingly, Petitioner's unopposed request for a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of disposition of Petitioner's  state court PCRA proceedings regarding his pending federal claims, he will be required to file a written status report with this Court  which includes a copy of the relevant state court disposition.  Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted.  Until such time, this

matter will be marked closed for administrative purposes. An appropriate Order will enter.[3]

                    BY THE COURT:

                    s/ Matthew W. Brann
                    Matthew W. Brann
                    United States District Judge

---

[3] Petitioner is advised that the issuance of this Memorandum and Order does not preclude a future finding by this Court that his instant § 2254 action is time barred.